UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ANDRES FELIPE FLOREZ RAMIREZ,<br><br>Petitioner,<br><br>v.<br><br>ANTONE MONIZ, Superintendent of Plymouth County Correctional Facility; PATRICIA HYDE, Boston Field Office Director, U.S. Immigrations and Customs Enforcement; MICHAEL KROL, HIS New England Special Agent in Charge; U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT; TODD LYONS, Acting Director, U.S. Immigration and Customs Enforcement; U.S. DEP'T OF HOMELAND SECURITY; PAMELA BONDI, Attorney General of the United States; EXECUTIVE OFFICE FOR IMMIGRATION REVIEW; and KRISTI NOEM, U.S. Secretary of Homeland Security,<br><br>Respondents. | Civil Action No. 1:26-cv-10648-IT |

MEMORANDUM & ORDER

February 12, 2026

TALWANI, D.J.

Petitioner Andres Felipe Florez Ramirez is a Colombian national. Pet. ¶ 17 [Doc. No. 1]. Petitioner alleges, and Respondents do not contest, that on February 6, 2026, federal immigration officials arrested Petitioner and placed him in the custody of U.S. Immigration and Customs Enforcement ("ICE"). Id. ¶ 46–47. Petitioner is currently detained at the Plymouth County Correctional Facility in Plymouth, Massachusetts. Id. ¶ 46.

On February 7, 2026, Petitioner filed a Petition for Writ of Habeas Corpus [Doc. No. 1] with this court. Petitioner contends that his detention violates the Immigration and Nationality Act and its implementing regulations, id. at ¶¶ 53–59, and his Fifth Amendment rights to due

process, id. ¶¶ 60–64. Petitioner requests that this court order either immediate release or "bond hearing pursuant to 8 U.S § 1226(a)[.]" Id. at ECF 15. In support of his bond hearing request, Petitioner argues that he is a member of the Guerrero Orellana certified class. Id. ¶¶ 41–44 (citing Guerrero Orellana v. Moniz, __ F. Supp. 3d __, 2025 WL 3687757 (Dec. 19, 2025), appeal filed, No. 26-1094 (1st Cir. Jan. 26, 2026)).

Respondents concede that:

> [T]he legal issues presented in this Petition are similar to those addressed by this Court in Doe v. Moniz, No. 25-cv-12094-IT, __ F. Supp. 3d __, 2025 WL 2576819 (D. Mass. Sept. 5, 2025); [Elias] Escobar v. Hyde, No. 25-cv-12620-IT, 2025 WL 2823324 (D. Mass. Oct. 3, 2025),); Da Silva v. Hyde, No. 25-cv-12638-IT (D. Mass. Oct. 7, 2025); Venancio v. Hyde, No. 25-cv-12616-IT (D. Mass. Oct. 9, 2025); and Caguana-Caguana v. Moniz, No. 25-cv-13142-IT, 2025 WL 3171043 (D. Mass. Nov. 13, 2025).

Resp. 1 [Doc. No. 7].

Though Respondents note their disagreement with this court's decisions, Respondents acknowledge that, "[s]hould the Court follow its reasoning in Doe, [Elias] Escobar, Da Silva, Venancio, and Caguana-Caguana, it would reach the same result here." Id. Respondents also concede that Petitioner is a member of the Guerrero Orellana certified class. Id. 1–2 n.1.

Nothing in the record indicates that Petitioner, who has lived in the United States since 1999, was detained under 8 U.S.C. § 1225 rather than 8 U.S.C. § 1226. Pet. ¶ 45 [Doc. No. 1]. The court finds the reasoning in Doe remains correct. Doe v. Moniz, 800 F. Supp. 3d 203, 210–13 (D. Mass. 2025). As to the parties' discussion of Guerrero Orellana, partial final judgment has entered in that case, declaring that class members "are subject to detention under 8 U.S.C. § 1226(a)," rather than under 8 U.S.C. § 1225(b)(2), and are therefore entitled to "access to consideration for release on bond and/or conditions before immigration officers and Immigration Judges." Guerrero Orellana, 2025 WL 3687757, at *10. "The declarations issued by [this] court[] are binding on Respondents." Moura v. Moniz, 2026 WL 177862, at *2 (D. Mass. Jan. 22, 2026).

Accordingly, in light of this court's decision in <u>Doe</u>, and consistent with the declaratory judgment ordered by the <u>Guerrero Orellana</u> court, the <u>Petition for Writ of Habeas Corpus</u> [Doc. No. 1] is GRANTED as follows:

No later than February 19, 2026, Florez Ramirez must be provided a bond hearing pursuant to 8 U.S.C. § 1226 or, if the immigration judge declines to conduct a bond hearing based on <u>Matter of Yajure Hurtado</u>, 29 I. & N. Dec. 216 (B.I.A. 2025), Respondents shall so advise the court by that date so that this court may conduct the bond hearing. Any decision by the immigration judge to retain Florez Ramirez in custody following a bond hearing pursuant to 8 U.S.C. § 1226 shall set forth the reasons for the continued detention.

IT IS SO ORDERED.

February 12, 2026
/s/ Indira Talwani
United States District Judge